UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA NUTT,

      Plaintiff,                         CIVIL ACTION NO. 12-11850

    vs.                             DISTRICT JUDGE GERALD E. ROSEN

BANK OF AMERICA, N.A.,         MAGISTRATE JUDGE MARK A. RANDON

      Defendant.
_____/

## ORDER DENYING NON-PARTY DONNA WILLIAMS' MOTION TO QUASH (DKT. 12)

This matter is before the Court on Non-Party Donna Williams' ("Ms. Williams") motion to quash (Dkt. 12). Chief Judge Gerald E. Rosen referred the motion to this Magistrate Judge for hearing and determination (Dkt. 13). Plaintiff Christina Nutt ("Plaintiff") filed a response (Dkt. 14) and Ms. Williams filed a reply (Dkt. 15), which the Court has reviewed. Oral argument would not significantly aid the decisional process thus, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

This is a consumer lending case, relating to the foreclosure of Plaintiff's home mortgage. The issue presented by Ms. Williams' motion to quash is whether Plaintiff's counsel is entitled to depose Ms. Williams, who is an employee of the law firm of Trott & Trott, P.C. Plaintiff contends that the affidavits filed in support of the foreclosure of Plaintiff's mortgage may not have been properly notarized – Ms. Williams was the notary who allegedly signed the affidavits in question. However, Ms. Williams' signature on the affidavits at issue appear to Plaintiff to be different from the signatures on Ms. Williams notary public applications (Dkt. 14, Exs. 2-4).

Plaintiff has also procured an opinion from a handwriting analysis expert (Dkt. 14, Ex. 1), which suggests that the signatures at issue may have come from different writers.

Ms. Williams' motion to quash argues that her deposition is unnecessary because Ms. Williams has sworn in an affidavit (Dkt. 15, Ex. A) that the signatures at issue are indeed hers, that two of the affidavits at issue are permissive and not required by Michigan statute, and that "illegibility" and "eligibility" cannot serve as the basis to challenge that substance of an affidavit. Fed. R. Civ. P. 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

The Court is mindful of undue burdens on peoples' time, however, Plaintiff is entitled to explore this line of discovery through a deposition of Ms. Williams – **at the offices of Trott & Trott, P.C., and not to exceed two hours**. Thus, Ms. Williams' motion to quash is **DENIED**.

SO ORDERED.

                                                s/Mark A. Randon
                                                Mark A. Randon
                                                United States Magistrate Judge

Dated: October 5, 2012

*Certificate of Service*

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 5, 2012, by electronic and/or ordinary mail.

                                                *s/Melody Miles*
                                                *Case Manager*